02-10-402-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00402-CR

 

 


 
 
 Natalie Faye Mull
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Natalie Faye Mull pled guilty pursuant to a plea bargain to possession of a
controlled substance, namely methamphetamine, in an amount of more than one
gram but less than four grams, and the trial court placed her on deferred
adjudication community supervision for four years and ordered her to pay a $400
fine.  Less than a year later, the State moved to proceed to adjudication,
alleging several violations of the conditions of community supervision. 
Appellant pled true to all allegations.  After a hearing, the trial court
adjudicated Appellant’s guilt and sentenced her to pay a $1,000 fine and to
serve ten years’ confinement but probated the confinement portion of the
sentence, retaining Appellant on community supervision for ten years and adding
the completion of the SAFP program to her community supervision conditions.

Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in
his professional opinion, this appeal is frivolous.  Counsel’s brief and
motion meet the requirements of Anders v. California[2] by
presenting a professional evaluation of the record demonstrating why there are
no arguable grounds for relief.[3]  This court afforded Appellant
the opportunity to file a brief on her own behalf, but she did not do so.

Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if there
is any arguable ground that may be raised on her behalf.[4]
 Only then may we grant counsel’s motion to withdraw.[5]

We
have carefully reviewed the record and counsel’s brief.  We agree with
counsel that the appeal is wholly frivolous and without merit.  We find
nothing in the record that might arguably support the appeal.[6] 
Consequently, we grant the motion to withdraw and affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
DAUPHINOT, J.; LIVINGSTON, C.J.; and WILLIAM BRIGHAM (Senior Justice, Retired,
Sitting by Assignment).

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 9,
2011














[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396 (1967).





[3]See Stafford v. State, 813
S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).





[4]See id. at 511.





[5]See Penson v. Ohio, 488
U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).





[6]See Bledsoe v. State, 178
S.W.3d 824, 827 (Tex. Crim. App. 2005).